UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OLIVER WANG and LI-HWA WANG, | Case No. 09-MC-0058 (PJS/SRN) |
| Petitioners, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Marc A. Al, STOEL RIVES LLP; and David B. Porter, WOODS & PORTER, P.C., for petitioners.

Martin M. Shoemaker, UNITED STATES DEPARTMENT OF JUSTICE — TAX DIVISION, for respondent.

This matter is before the Court on petitioners' objection to the November 2, 2009 order of Magistrate Judge Susan R. Nelson. Judge Nelson issued an order denying petitioners' motions to quash several third-party summonses served by the Internal Revenue Service. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (magistrate judge's order enforcing IRS summons was properly treated as a proposed order subject to de novo review).

The Court agrees with Judge Nelson's reasoning and adopts the order denying petitioners' motions to quash. Only a few issues merit comment.

Petitioners argue that the subpoenas should be quashed because the government is acting in bad faith. After the government establishes a prima facie case that a summons is proper, the burden of showing that the summons was issued for an improper purpose rests with the party opposing enforcement of the summons. *United States v. Powell*, 379 U.S. 48, 58 (1964). This burden is a "heavy one." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004) (citation and

quotations omitted). Although petitioners have succeeded in calling into question the accuracy of a few of the statements in the government's supporting declaration, petitioners have not met their heavy burden of showing that the government is acting in bad faith.

Petitioners also argue that the materials sought by the government are not relevant to petitioners' income or ownership interests in the business entities at issue. But petitioners appear to believe that the requested materials cannot be subpoenaed unless they can conclusively establish their income or ownership interests. That is not the standard. Indeed, the standard is not even relevance. Rather, the government need show only that the materials "may be" relevant to its investigation. *Powell*, 379 U.S. at 57. "'Relevance' under the *Powell* test does not depend . . . on whether the information sought would be relevant in an evidentiary sense, but merely whether that information might shed some light on the tax return." *United States v. Norwest Corp.*, 116 F.3d 1227, 1233 (8th Cir. 1997).

Without question, the materials sought by the government — which may establish, among other things, how Oliver Wang held himself out to Target Corporation ("Target") and how much business Target did with various entities with which Wang may have a relationship — might shed some light on Oliver Wang's ownership interests and income. The government does not have to prove that Oliver Wang was paid on commission before it may obtain information about sales made to Target. As *Powell* makes clear, the government need not meet a probable-cause standard to serve its summons. *Powell*, 379 U.S. at 57.

Citing a letter from Target to the government, petitioners argue that the government has agreed to limit its subpoenas to summaries of financial data, and that, because such summaries cannot possibly shed any light on the issues at stake, the subpoenas should be quashed. Even if

the Target letter demonstrated that the government had agreed to limit its summonses — a proposition that the letter does not support — Target agrees in the letter to provide far more than summaries of financial data. In addition to confirming that Target will provide summary reports, the letter states that Target will provide "any agreements, correspondence or other documents maintained by Target's buyers relating to any business they have done with Agio, Oliver Wang or Neville Wong." Docket No. 20-2. As discussed above, this information may shed light on Oliver Wang's corporate-ownership interests and income. No more is required.

For the foregoing reasons, and for the reasons stated in Judge Nelson's order, the Court denies petitioners' motions to quash the summons.[1]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioners' objection [Docket No. 33] is OVERRULED.
2. Petitioners' motion to quash third-party summons [Docket No. 1] is DENIED AS MOOT.

---

[1] As Judge Nelson noted, petitioners' original motion to quash is moot because the government withdrew the summonses that were the subject of that motion.

3. Petitioners' amended motion to quash third-party summons [Docket No. 9] is

   DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 11, 2009         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge